**In re Ashley and Sharon ALLEN d/b/a Allen Heating, Debtors.**

**Bankruptcy No. 80–21527.**

United States Bankruptcy Court, W.D. New York.

Oct. 10, 1986.

Lacy, Katzen, Ryen & Mittleman by Stephen Mayka, Rochester, N.Y., for debtors.

Daniel F. Brown, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the I.R.S.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors filed a petition for relief under Chapter 11 of Title 11, United States Code, on October 17, 1980. The case was converted to a case under Chapter 13 on June 5, 1985 pursuant to a motion brought on by the debtors. Prior to the bar date for claims, the Internal Revenue Service filed a proof of claim for amounts allegedly owing. That proof of claim was amended on several occasions to reflect payments made by the debtors and additional taxes incurred during the pendency of the case. The debtors object to the most recent claim of the IRS on several grounds. A trial was held concerning this objection and both parties were allowed to submit post-trial briefs and reply briefs.

One issue which the debtors raised concerning the IRS' claim is the extent to which Mrs. Allen may be liable for taxes, penalties and interest attributable to the unincorporated business, Allen Heating. Mr. Allen testified at trial that Mrs. Allen had nothing to do with the business (Transcript at 28–29) and, therefore, should not be liable for business related taxes. Mrs. Allen did not testify at the trial.

█ Mr. Allen's sworn testimony is refuted by the original bankruptcy filing which states that "(b)oth debtors are proprietors of Allen Heating," and by the debtors' 1980, 1981 and 1982 tax returns (Exhibits 16, 17, and 18) which were admitted into evidence and indicate that in each of those years Mrs. Allen received a salary from the business. These items of evidence justify the IRS' position that Mrs. Allen is liable for claims attributable to Allen Heating and cast doubt on the remainder of Mr. Allen's testimony.

The next issue raised by the debtors involves the validity of the IRS' assessed claims, plus interest and penalties, for the years 1972, 1977, 1978 and 1979. It is the debtors' contention that they never received notice of assessment nor demand for payment. They claim that failure to receive notice and demand is in violation of the Tax Code and affects the validity, status, or amount of the IRS' claim.

█ A federal tax assessment is presumed correct. *United States v. Fago*, 47 A.F.T.R.2d 81–883 (W.D.N.Y.1981); *In re Twomey*, 24 B.R. 799, 803 (Bankr.W.D.N.Y. 1982). The burden is upon the taxpayer to overcome the presumption. *Lesser v. United States*, 368 F.2d 306, 310 (2nd Cir. 1965) (en banc). In support of the government's assessed claim, a certified copy of the Record of Accounts for the tax years in question (Exhibit D) was admitted into evidence. This exhibit tended to prove the assessments, requisite notices and demands. In rebuttal, the debtors submitted a similar certified copy of the Record of Accounts for the appropriate years (Exhibit 31) which had been obtained from the IRS per a document request. The debtors' copy did not make mention of the requisite notices and demands. The incongruity between Exhibits D and 31, which both purport to be accurate representations of the government's records, disturbs this Court greatly. However, two other documents which were made part of the record at trial, "Notices of Federal Tax Lien Under Internal Revenue Laws" (Exhibits A–1 and A–2), tend to show notice and demand were given to the debtors. Similar documentation was found to be adequate evidence of notice and demand by the IRS in the case of *United States v. Lorson Electric Co.*, 480 F.2d 554, 555–56 (2nd Cir.1973). The notices of federal tax lien will be construed as reliable evidence in this case as well. The mailing of the notice and demand, and not the receipt of the notice and demand by the debtor, is what is required to be proved by the IRS, *Hahn v. United States*, 77–1 U.S.T.C. ¶ 9334 (C.D.Cal.1977) *citing Brown v. Lethert*, 360 F.2d 560 (8th Cir. 1966) and *Luhring v. Glotzbach*, 304 F.2d 556 (4th Cir.1962). Because the debtors have not satisfactorily rebutted the proof contained in Exhibits A–1 and A–2, the claims of the IRS for the pre-petition years are deemed to be valid and correct.

Another issue raised by the debtors is the validity, status, and amount of all post-petition pre-conversion tax claims. The debtors contend that all taxes, interest and penalties incurred after the Chapter 11 filing date, but before the conversion to Chapter 13, should be deemed pre-petition claims. The authority for their argument lies in 11 U.S.C. § 348(d). Subsection 348(d) reads as follows:

> A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

The IRS, while acknowledging the application of § 348(d), submits that the post-petition pre-conversion element of their claim falls within 11 U.S.C. § 503(b) and therefore falls outside of the purview of § 348(d). The pertinent portions of § 503(b) which are relevant to the argument of the IRS are § 503(b)(1)(B)(i) and (C) which state:

1. This cross reference was not redesignated to reflect a renumbering of subsection 507(a) which was part of the 1984 Bankruptcy Amendments. The cross reference should be to § 507(a)(7).

2. (a) The following expenses and claims have priority in the following order:
(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or
(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(c) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(B) any tax—
(i) incurred by the estate, except a tax of a kind specified in section 507(a)(6)[1] of this title; or
(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

The debtors counter the argument of the IRS by asserting that post-petition pre-conversion taxes, interest and penalties fall within the ambit of § 507(a)(7). This same argument was made in the case of *United States v. Friendship College, Inc.,* 737 F.2d 430 (4th Cir.1984). In *Friendship College,* the Court of Appeals for the Fourth Circuit disregarded the debtor's contention because it was contrary to the language and legislative history of the Code sections being relied upon. The Fourth Circuit distinguished that the language of § 503(b) clearly refers to postpetition taxes when it refers to those taxes being *incurred by the estate* and § 507(a)(7)[2] refers to pre-petition taxes or customs duties.

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;
(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;
(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;
(E) an excise tax on—
(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or
(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;
(F) a customs duty arising out of the importation of merchandise—
(i) entered for consumption within one year before the date of the filing of the petition;

**[5]** All lettered sub-paragraphs within § 507(a)(7) refer to taxes or customs duties incurred on or before the date of the filing of the petition, except sub-paragraphs (C) and (G). Sub-paragraph (G) involves penalties associated with other items within the paragraph so that it relates back to pre-petition events. Sub-paragraph (C) also relates to pre-petition events because it refers to taxes incurred by the debtor rather than taxes incurred by the estate. Thus, as in *Friendship College,* all post-petition pre-conversion taxes and penalties incurred by the estate are deemed to be of the type enunciated in § 503(b) and will receive a first priority status.

■ Interest on § 503(b) claims is not specifically dealt with by the Code but will also be treated as an administrative expense under § 507(a)(1). The reasons for this determination are as follows:

First, it is consistent with the treatment of the taxes and penalties to which the interest relates. *United States v. Friendship College, Inc., supra,* 737 F.2d at 433. Second, to hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government. *In re Boston and Maine Corp, supra,* 719 F.2d [493] at 502 [(1st Cir.1983)] (Cambell, C.J. concurring in part and dissenting in part). If the debtors choose to finance their reorganization effort with funds that would otherwise be used to pay their taxes, then interest on the taxes may fairly be considered as an actual and necessary cost and expense of preserving the estate allowable as an administration expense under section 503(b)(1)(A). Indeed, section 364 of the Bankruptcy Code specifically recognizes that the cost of unsecured credit is allowable as an ad-

ministrative expense under section 503(b)(1).

Finally, the court finds that *Nicholas v. United States,* [66–1 USTC § 9465], 384 U.S. 678 [86 S.Ct. 1674, 16 L.Ed.2d 853] (1966), supports this court's finding that the government is entitled to interest as an administrative expense. See also *In re Boston and Maine Corp., supra,* 719 F.2d at 501–04 (Cambell, C.J., concurring in part and dissenting in part). As the Supreme Court stated in *Nicholas:* "Since the taxes in question were incurred during the Chapter XI arrangement proceeding itself, the United States was entitled to interest on those taxes for the duration of that period". *Nicholas v. United States, supra,* 384 U.S. at 689 [86 S.Ct. at 1983]. Although *Nicholas* was decided under the former Bankruptcy Act, there is nothing in the legislative history to indicate that Congress wished to abrogate *Nicholas* under the present Bankruptcy Code.

*In re Thompson,* 67 B.R. 1, 85–1 U.S. T.C. ¶ 9243 (Bankr.N.D.Ohio 1984).

■ The debtors next seek to have the entire claim of the IRS for taxes, penalties and interest extinguished, subordinated, or reduced based upon either the bad faith filing of the claim or the debtors' failure to file and pay being justified by reasonable cause. Inasmuch as the claims of the IRS have been found consistent with the requirements of the Bankruptcy and Tax Codes, the filing of those claims were not in bad faith. With regard to the debtors' argument that reasonable cause existed for their non-feasance, the excuses made simply do not justify non-filing or non-payment.

(O)ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when

(ii) covered by an entry liquidated or reliquidated within one year before the date of the filing of the petition; or

(iii) entered for consumption within four years before the date of the filing of the petition but unliquidated on such date, if the Secretary of the Treasury certifies that failure to liquidate such entry was due to an investigation pending on such date into assessment of antidumping or

countervailing duties or fraud, or if information needed for the proper appraisement or classification of such merchandise was not available to the appropriate customs officer before such date; or

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

they are due. In short, tax returns imply deadlines. Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute.

*United States v. Boyle*, 469 U.S. 241, 251, 105 S.Ct. 687, 693, 83 L.Ed.2d 622, 631 (1985).

While reliance on a professional was not the only excuse offered by the debtors, their other excuses are equally unavailing.

The debtors also seek through their objection the return of $900 removed from the debtors' bank account in 1979 and the return of an amount being held by the IRS which is traceable to the debtors' 1985 tax refund. The $900 deduction from the debtors' account was proper given the valid assessment. The withholding of the debtors' 1985 tax refund is also proper in light of *In the Matter of Duguay*, 85–2 U.S.T.C. ¶ 9616 (Bankr.W.D.N.Y.1985) in which the placing of a debtor's tax refund in a suspense account pending a judicial determination of the IRS' setoff rights was deemed proper procedure within the parameters of the Bankruptcy Code.

In summary, it is ordered that Mrs. Allen is liable for all business related claims filed by the IRS, that the pre-petition assessed claims are correct, that the post-petition pre-conversion portion of the IRS' claim is allowed in full and is to be treated as an administrative expense, and that all other portions of the debtors' objection to the claim modified at trial by the IRS are denied.