**In re ASSOCIATED AIR SERVICES, INC., Debtor.**

Bankruptcy No. 83–02275–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

April 24, 1987.

Jose F. de Leon, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

Reggie David Sanger, Fort Lauderdale, Fla., for debtor.

MEMORANDUM DECISION
AND ORDER

A. JAY CRISTOL, Bankruptcy Judge.

This matter is presently before the Court on the Motion for Summary Judgment of the United States on Debtor's Objection to Administrative Claims. For the foregoing reasons, the Court grants the motion for summary judgment and overrules the debtor's objection to the allowance of interest on the principal amount of the administrative taxes it owes.

On January 3, 1986, the debtor filed an objection to the administrative claim of the

United States for certain employment and excise taxes. An evidentiary hearing on the debtor's objection was held on June 2, 1986. On June 10, 1986, the Court entered its order overruling the debtor's objection to the principal amount of the taxes accrued during the pendency of this case; sustaining the debtor's objection to the penalties (this portion of the Court's order is currently on appeal before the United States District Court for the Southern District of Florida); and reserving a ruling on whether the debtor had to pay the interest due on the principal amount of the taxes. On March 2, 1987, the United States filed a motion for summary judgment seeking a ruling on the interest issue.

 The issue of whether interest on post-petition taxes is allowable as an administrative expense pursuant to 11 U.S.C. § 503 has caused a split amount the courts. See, for example, *United States v. Friendship College, Inc.*, 737 F.2d 430, 433 (4th Cir.1984) (interest on post-petition taxes allowable as an administrative expense); *In Re Allen*, 67 B.R. 46, 49 (Bkrtcy.W.D.N.Y. 1986) (same); *In Re General Polymerics Corp.*, 54 B.R. 523, 525–526 (Bkrtcy.D. Conn.1985) (same); *In Re Thompson*, 67 B.R. 1, 2–3 (Bkrtcy.N.D.Ohio 1984) (same); *In Re Razorback Ready-Mix Concrete Co.*, 45 B.R. 917, 926 (Bkrtcy E.D.Ark.1984) (same). But see, for example, *Matter of Hirsch-Franklin Enterprises, Inc.*, 63 B.R. 864, 869–871 (M.D.Ga.186) (interest on post-petition taxes not allowable as an administrative expense); *Matter of Lumara Foods of America, Inc.*, 50 B.R. 809, 816–817 (Bkrtcy N.D.Ohio 1985) (same); *In Re H & C Enterprises*, 35 B.R. 352, 353 (Bkrtcy.D.Idaho 1983) (same); *In Re Stack Steel & Supply Co.*, 28 B.R. 151, 156 (Bkrtcy.W.D.Wash.1983) (same). This Court will follow what it perceives to be the better reasoned view that interest on post-petition taxes is also an administrative expense.

It is true that interest on post-petition taxes is not explicitly mentioned in Section 503(b)(1)(B) while penalties are specifically allowed. The courts that have ruled that interest is not allowable as an administrative expense have relied on that silence as an expression of Congress's intent that interest should not be allowed. As stated by the court in *In Re Stack Steel & Supply Co.*, 28 B.R. at 156 (footnote omitted):

The legislative history of § 503(b)(1)(B) indicates that the Senate desired administrative priority for interest on taxes and that S.2266 passed by the Senate on September 7, 1978 specifically provided for this. But earlier, the version of H.R. 8200 passed by the House on February 1, 1978, omitted any reference to interest on taxes, and provided only that taxes on, measured by, or withheld from wages, salaries or commissions attributable to the post-petition period would be administrative expenses. Code § 503(b)(1)(B), as finally enacted, omits any reference to interest on taxes as being accorded administrative priority. The legislative history addressing the compromise bill is silent as to why the Senate's specific provision for interest was omitted. 124 Cong.Rec. H 11,094–5 (Sept. 28, 1978); S 17,411 (Oct. 6, 1978). Because § 503(b)(1) adopts the approach taken in the House bill as modified by some provisions contained in the Senate amendment, it is a plausible inference that the omission of the words "including interest thereon" from the language "any taxes, including interest thereon" as set forth in § 503(b)(1)(B) of S.2266 was deliberate and significant.

This omission of the word "interest", however, from Section 503(b)(1)(B) must be interpreted within the historical context of the Supreme Court's decision in *Bruning v. United States*, 376 U.S. 358, 360, 84 S.Ct. 906, 907, 11 L.Ed.2d 772 (1964) where it was stated that "[i]n most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt," and the provision of the Internal Revenue Code that "[a]ny reference in this title [26 U.S.C.] to any tax imposed by this title shall be deemed also to refer to interest

imposed by this section on such tax." [1] 26 U.S.C. § 6601(e)(1). From this it is clear that interest is part and parcel of the tax due and that the specific inclusion of the word "interest" in Section 503(b)(1)(B) would have been completely unnecessary. Congress's failure to include the word "interest" in Section 503(b)(1)(B) was not an indication that interest should not be allowed as an administrative expense.

The framers of the Bankruptcy Code clearly intended that all expenses of administration of the estate be paid in full before any payment of creditors with lower priorities. This rule was formed in part to encourage parties to deal with the estate with the assurance that they would receive full satisfaction before payment of any pre-bankruptcy claim. But a failure to include interest on administrative expenses would certainly conflict with that Congressional purpose, since delay of payment of any administrative expenses beyond the agreed-upon due date without reasonable interest inevitably under compensates the affected creditor. In effect, the creditor is forced to make an interest-free loan to the estate. The value of that loan will inevitably inure to the benefit of creditors of lesser priority, contrary to the Congressional policy of full satisfaction of administrative expenses before any payment of lower priority claims.

Moreover, as stated by the court in *In Re Thompson*, 67 B.R. at 2–3:

> The court notes that the series of enumerated administrative expenses in section 503(b) of the Bankruptcy Code is non-exclusive. The last word in the lead-in sentence of section 503(b) is "including", which is not limiting. 11 U.S.C. section 102(3). *See, also, 3 Collier on Bankruptcy*, paragraph 503.03 at 503–13 (15th ed. 1984). Thus, nothing prevents this court from holding that the government's claim for interest is entitled to administrative expense priority.

In fact there are strong reasons in support of such a holding. First, it is consistent with the treatment of the taxes and penalties to which the interest relates. *United States v. Friendship College, Inc., supra,* 737 F.2d at 433. Second, to hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government. *In Re Boston and Maine Corp., supra,* 719 F.2d [493] at 502 [1st Cir. 1983] (Cambell, C.J. concurring in part and dissenting in part). If the debtors choose to finance their reorganization effect with funds that would otherwise be used to pay taxes, then interest on the taxes may fairly be considered as an actual and necessary cost and expense of preserving the estate allowable as an administrative expense under section 503(b)(1)(A). Indeed, section 364 of the Bankruptcy Code specifically recognizes that the cost of unsecured credit is allowable as an administrative expense under section 503(b)(1).

Finally, the court finds that *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), supports this court's finding that the government is entitled to interest as an administrative expense. *See also In re Boston and Maine Corp., supra,* 719 F.2d at 501–04 (Campbell, C.J. concurring in part and dissenting in part). As the Supreme Court stated in *Nicholas:* "Since the taxes in question were incurred during the Chapter XI arrangement proceeding itself, the United States was entitled to interest on those taxes for the duration of that period". *Nicholas v. United States supra,* 384 U.S. at 689, 86 S.Ct. at 1683. Although *Nicholas* was decided under the former Bankruptcy Act, there is nothing in the legislative history to indicate that Congress wished to abrogate *Nicholas* under the present Bankruptcy Code.

Accordingly, the Court finds that interest on post-petition taxes is allowable as an administrative either as being encompassed within the word "tax" under Section 503(b)(1)(B) or as an "actual, necessary cost

---

1. Of course, a tax is imposed under the provisions of the Internal Revenue Code and not under the Bankruptcy Code. The word "tax" in the Bankruptcy Code must be read in conjunction with the word "tax" in the Internal Revenue Code.

and expense of preserving the estate" under Section 503(b)(1)(A).

The debtor further argues that even if interest on post-petition taxes is allowable as an administrative expense, interest should not be allowed in this case because of equitable considerations. The Court had previously disallowed the imposition of penalties pursuant to 26 U.S.C. § 6651 and 6656 on the debtor. The imposition of these penalties can be excused under the statutes if the taxpayer shows that the failure to do the required act was due to reasonable cause and not to willful neglect. See *United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985). The Court's earlier ruling recognized that it would be inequitable to make the debtor's current management pay for the wrongdoings of its prior management when the debtor failed to pay the taxes at issue. The Court is not willing at this time to reconsider its earlier ruling.

 The payment of interest on the post-petition taxes is subject to different considerations than the payment of penalties. The imposition of penalties can be statutorily excused; however, "[u]nder Section 6601 [of 26 U.S.C.], payment of interest on the underpayment of tax is required. There is no provision in the statute for an exception." *Matter of Cabazon Indian Casino*, 57 B.R. 398, 403 (Bkrtcy.App.9th Cir.1986). The imposition of interest "represents compensation for the value of holding money over a period of time." *Johnson v. United States*, 602 F.2d 734, 738 (6th Cir.1979), citing *United States v. Childs*, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299 (1924). It is plainly erroneous for a court to use its equity powers to alter and reduce the statutorily defined period for the accrual of interest. *Id.* at 739.

 This Court is a court of equity. But as recognized by the court in *In Re General Polymerics Corp.*, 54 B.R. at 526:

> The debtor's reliance upon the equity powers of the court to relieve it of its obligations under the Bankruptcy Code is misplaced. While it is true that "the equity powers of the bankruptcy court play an important part in the administra-

tion of bankrupt estates in countless situations in which the judge is required to deal with particular, individualized problems," *Butner v. United States*, 440 U.S. 48, 55–56, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1978), the role of equity is to supplement the express provisions of the Code and to further its general purposes. Equity does not replace statutory provisions as the debtor seems to suggest. To the contrary, as the maxim goes, "equity follows the law." *See In re Burley*, 11 B.R. 369, 373 (Bankr.C.D.Cal.1981), *rev'd on other grounds*, 27 B.R. 603 (C.D.Cal. 1982), *rev'd*, 738 F.2d 981 (9th Cir.1984).

The law is clear that the payment of interest on post-petition taxes is statutorily required. The Court will not exercise any equitable powers it may have in this matter to excuse the debtor from the payment of interest on the taxes it should have timely paid.

For the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that the debtor's objection to the payment of interest on post-petition taxes as an administrative expense is overruled.