## In re GOULD & EBERHARDT GEAR MACHINERY CORPORATION, Debtor.

### Civ. A. No. 87–0933–C.

United States District Court,
D. Massachusetts.

Nov. 23, 1987.

Daniel I. Cotton, Wolfson, Dodson, Keenan & Cotton, Worcester, Mass., John D. Sigel, Hale & Dorr, Boston, Mass., for U.S.

Joseph Ackerstein, U.S. Attorney's Office, Civ. Div., Boston, Mass., for U.S.

Donald R. Lassman, Jeffrey S. Ogilvie, Mass. Dept. of Revenue, Legal Bureau, Cambridge, Mass., for appellant, Comm. of Mass. Dept. of Revenue.

## MEMORANDUM

CAFFREY, Senior District Judge.

This matter is before the Court on appeal from a decision by the United States Bankruptcy Court, 69 B.R. 944, denying the appellants' claims for interest on post-petition taxes. The issue presented is whether the Bankruptcy Court erred in ruling that interest on state and federal taxes which became due and payable during the pendency of a Chapter 11 proceeding is not entitled to first priority status as an administrative expense of the reorganization. For the reasons stated below, the decision of the Bankruptcy Court is reversed.

The facts are undisputed. On August 30, 1982, Gould & Eberhardt Gear Machinery Corporation (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code. During the course of the proceeding, the Debtor failed to pay on a current basis various taxes owed to appellants, the United States and the Commonwealth of Massachusetts. These obligations accrued after the date the petition for reorganization was filed. As a result of the Debtor's failure to pay these debts as they became due, the Debtor incurred penalties and interest.

In October, 1986, the Debtor filed a Plan of Reorganization. The Plan proposed to pay the United States and the Commonwealth the total amount of their tax claims without interest and penalties, over a period of two years, with one-third of each claim to be paid immediately on confirmation. Both tax authorities objected to the Plan on the grounds that their claims, including accrued penalties and interest constituted administrative expenses of the reorganization which are entitled to priority status under Section 507(a)(1) of the Bankruptcy Code and thus, to payment in full prior to confirmation of the Debtor's Plan. *See* 11 U.S.C. § 1129. In February, 1987, the Bankruptcy Court issued an order allowing the tax claims and penalties thereon as administrative expenses of the Chapter 11 proceeding but disallowing the claims for interest. Both the United States and the Commonwealth appealed.

The courts are divided over the issue of whether interest accruing on post-petition taxes is allowable as an administrative expense pursuant to Section 503(b) of the Bankruptcy Code. *See, e.g., In re Stack & Steel Supply Co.*, 28 B.R. 151, 156 (W.D. Wash.1983) (interest on post-petition taxes is not allowable as an administrative expense); *In re H & C Enterprises*, 35 B.R. 352, 353 (N.D.Idaho 1983) (same); *Matter of Lumara Foods of America, Inc.*, 50 B.R. 809, 817 (N.D. Ohio 1985) (same). *But see, e.g., United States v. Friendship College, Inc.*, 737 F.2d 430, 432 (4th Cir.1984) (interest on post-petition taxes is allowable as an administrative expense); *In re Associated Air Services, Inc.*, 75 B.R. 47, 50 (S.D.Fla.1987) (same); *Matter of Pharmadyne Laboratories, Inc.*, 53 B.R. 517, 523 (D.N.J.1985) (same). Those courts which deny claims for interest as priority administrative expenses have relied on what they perceive as a congressional intent to exclude post-petition interest from Section 503(b). *See, e.g., In re Stack & Steel Supply Co.*, 28 B.R. at 156; *In re H & C Enterprises*, 35 B.R. at 353; *Matter of Lumara Foods of America, Inc.*, 50 B.R. at 817. However, viewing the legislative history of that section in the context of the

Supreme Court precedent existing at the time it was enacted, I find that an intent on the part of Congress to exclude post-petition interest as an administrative expense is not as clear as some judicial decisions would indicate.

Prior to the enactment of Section 503(b)(1), the Supreme Court had decided *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1986). Although the precise issue before the Court in that case was whether interest accrued on taxes which matured after the filing of a petition for "straight" bankruptcy following an attempted Chapter XI arrangement proceeding,[1] the Court discussed the situation where the tax claims had arisen and matured during the pendency of an arrangement proceeding and prior to any superseding liquidation bankruptcy. In the latter instance, the Court stated, a creditor would be entitled to interest accruing on its claims for so long as the arrangement proceeding continued.

The discussion in *Nicholas* which approves the accrual of interest on debts incurred during the course of a Chapter XI arrangement provided the backdrop for the enactment of Section 503(b)(1). Section 503(b)(1) does not explicitly mention interest on post-filing taxes. However, the legislative history of that section indicates that a Senate version of the statute did contain a provision expressly including interest as an administrative expense. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. This provision was not present in the House bill, the version that was later enacted. *See* H.R. 8200, 95th Cong., 1st Sess. § 503(b)(1) (1977). As the Bankruptcy Court noted, the legislative record is silent as to why the provision relating to interest was dropped. Discussion on the floor of Congress merely indicates that the House version of § 503(b)(1) was adopted as altered by the Senate bill. *See* 124 *CONG.REC.* H 11094–95 (daily ed. Sept. 28, 1978) (Statement of Rep. Ed-

wards); 124 *CONG.REC.* § 17411 (daily ed. Oct. 6, 1978) (statement of Sen. DeConcini).

From this legislative history, the Bankruptcy Court inferred that Congress deliberately intended to exclude interest on post-petition taxes from the scope of § 503(b). Although this conclusion is not implausible, I am unwilling to infer that the legislative history conveys a definitive intent to deprive the tax authorities from any claim to interest when a debtor fails to pay the obligations arising from its continued operation of its business in a timely fashion. It is equally plausible that Congress felt the inclusion of a specific provision respecting interest was unnecessary in light of the Supreme Court's holding in *Nicholas.* In the same vein, Congress might also have intended the term "tax" to encompass any interest accruing on a tax obligation. *See In re Associated Air Services, Inc.,* 75 B.R. at 48–49. I agree with the Bankruptcy Court's observation that "attempting to pierce Congress' silence on this matter is like chasing a will-o'-the wisp." *In re Gould & Eberhardt Gear Machinery Corp.,* 69 B.R. 944, 947 (D.Mass.1987). In the absence of clearer indications that Congress desired to change the reasoning of *Nicholas,* I believe that the Supreme Court's approval of the accrual of interest on post-petition tax obligations in Chapter 11 proceedings still governs.

In addition to the inadequacy of evidence supporting a Congressional intent to exclude post-petition interest, a decision to allow the interest claims is supported by the policies enunciated in cases concerning post-petition interest. *See, e.g., Sexton v. Dreyfus,* 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911); *City of New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949); *Nicholas v. United States,* 384 U.S. at 683–84, 86 S.Ct. at 1679–80. Generally, interest ceases to accrue as of the date of filing of a petition in bankruptcy. *City of New York v. Saper,* 336 U.S. at 330, 69 S.Ct. at 555–56. This rule reflects the principle that it would be unfair

---

**1.** Chapter XI arrangements are one of the predecessors of the Bankruptcy Code's Chapter 11 reorganizations. *See* H.R.Rep. 595, 95th

Cong., 1st Sess., 5 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963.

to allow creditors to be disadvantaged by the accrual of interest where the delay in payment of interest-bearing debts is caused by legal delays inherent in the bankruptcy procedures themselves. *Nicholas,* 384 U.S. at 683–84, 86 S.Ct. at 1679–80. Likewise, where the delay in payment resulting in the accrual of interest was authorized by order of the court, it would be inequitable to allow the holder of an interest-bearing debt to claim interest for the period that payment of the debt was deferred by court order. *In re Boston & Maine Corp.,* 719 F.2d 493, 500 (1st Cir.1983). In either case, the allowance of interest would mean that fewer assets would be available to satisfy other creditors, a result which is attributable not solely to the debtor's failure to pay its debts in a timely manner, but to the fact that the law itself prevented payment. *Id.*

■ In the present case, the record indicates that the delay in payment giving rise to the claims for interest asserted by the appellants was not the result of the time-consuming procedures of administering the reorganization or by virtue of any court order deferring payment. To the contrary, the record indicates that early on the Debtor was ordered by the Bankruptcy Court to pay all of its post-petition indebtedness, including the tax claims at issue here, or the case would be converted automatically into a Chapter 7 liquidation. Several times, the Debtor gained an extension for the time within which payment must be made by promising that its obligations would be paid as soon as it could obtain a much needed influx of new capital.[2] On this record, I perceive none of the legal delays that have caused other courts to find it inequitable to grant claims for post-petition interest. *See In re Boston & Maine Corp.,* 719 F.2d at 50.

A decision allowing appellants' claims for interest as administrative expenses is also consistent with the policies underlying the Bankruptcy Code's treatment of administrative expenses as debts entitled to first priority which must be paid in full before a Plan for Reorganization may be confirmed.

Although the fundamental goal of Chapter 11 is the ultimate rehabilitation of a debtor, the treatment of administrative expenses as debts entitled to first priority status suggests an overriding policy that a debtor's efforts to reorganize shall be financed by the debtor, not the debtor's post-petition creditors. As stated by the court in *In re Thompson,* 67 B.R. 1, 2–3 (N.D.Ohio 1984):

> ... to hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government. *In Re Boston & Maine Corp.,* supra, 719 F.2d at 502 (Campbell, C.J. concurring in part and dissenting in part). If the debtors choose to finance their reorganization effort with funds that would otherwise be used to pay taxes, then interest on the taxes may fairly be considered as an actual and necessary cost of preserving the estate allowable as an administrative expense under section 503(b)(1)(A).

The Bankruptcy Court decided that the equities of this case favored the denial of appellants' claims for interest as administrative expenses of the reorganization. This decision was premised on the fact that the assets of the Debtor are insufficient to pay the interest claims; consequently, a decision favorable to the appellants would prevent confirmation of the Debtor's Plan for Reorganization. Implicit in the Bankruptcy Court's reasoning, however, is the proposition that if the assets were indeed sufficient to cover the interest claims, the claims would be entitled to treatment as administrative expenses.

■ I do not believe that the status of appellants' claims as administrative expenses should turn on the value of the assets owned by the Debtor and their sufficiency with respect to claims against the estate. The Bankruptcy Court, while a court of equity, does not have the power to replace statutory provisions. Once it is decided that an expense constitutes an administrative expense within the scope of section 503(b), the Bankruptcy Court is without power to relieve the Debtor of its obligation to pay these expenses prior to

2. Nothing in the record indicates that the appellants waived their claims to interest by agreeing

to give the Debtor more time to obtain money with which to pay its tax debts.

**618**

confirmation. *See In re Air Associates, Inc.*, 75 B.R. at 50. The Bankruptcy Code requires a debtor in Chapter 11 cases to pay its post-filing obligations or suffer the possibility of a dismissal or conversion of the case into a Chapter 7 liquidation. 11 U.S.C. §§ 1112, 1129(a)(9). That unfortunate results may follow is not a sufficient reason for the Bankruptcy Court to exercise its equitable powers in order to deny appellants' claims.

Order accordingly.