Eldon D. ANTHONY, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 90–C–1416.

United States District Court,
D. Colorado,
Civil Division.

May 29, 1991.

Darold Killmer, Feiger, Collison & Killmer, Denver, Colo., for plaintiffs.

William G. Pharo, Asst. U.S. Atty., Denver, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

CARRIGAN, District Judge.

Plaintiffs commenced this action asserting claims for: (1) breach of contract (first claim); (2) promissory estoppel (second claim) and (3) a refund under 26 U.S.C. § 7422 (third claim). Plaintiffs seek to recover $19,183.35 they allege was wrongfully collected by the Internal Revenue Service (IRS). The United States has moved for summary judgment. Plaintiffs have responded by opposing the motion and cross-moving for summary judgment. The parties have fully briefed the issues and oral argument would not materially assist decision. Jurisdiction is founded on 26 U.S.C. §§ 6511 and 7422 and 28 U.S.C. § 1346(a).

I. *Factual Background.*

The following facts are undisputed: In 1984, the IRS notified the plaintiffs that they owed $32,735.64 in taxes and additions to taxes for 1978, 1979 and 1980. Complaint at ¶¶ 7 and 8. Seeking to resolve the case, the plaintiffs timely petitioned the United States Tax Court, and a trial date was scheduled. *Id.* at ¶¶ 9 and 10. After extensive negotiations, the parties settled the dispute for $15,367 and executed a stipulated decision which the Tax Court entered on its docket on January 27, 1987. *Id.* at ¶ 21. On October 6, 1987, the plaintiffs paid the government $15,252.43 by cashier's check, and on October 7, 1987, they paid an additional $114.57 by bank levy, thus discharging their obligations under the stipulated decision. *Id.* at ¶ 26.

The IRS then informed the plaintiffs that they owed over $19,000 as interest for 1978, 1979 and 1980. *Id.* at ¶ 31. Asserting that the stipulated decision had extinguished this liability, the plaintiffs declined to pay. *Id.* at ¶ 35. The IRS, however, persisted in attempting to collect the claimed interest. *Id.* at ¶ 30. To avoid further penalties and interest, the plaintiffs paid $19,183.35 and commenced this action for a refund.

II. *Analysis.*

The only question here presented is the scope of the stipulated decision (the agreement) executed by the parties on January 6, 1987. Specifically, the meaning of the following sentence is at issue: "It is further stipulated that this agreement constitutes a final civil settlement of *taxes* due for the years in issue." (Stipulated Decision p. 2) (emphasis added). Plaintiffs argue that the agreement operated as an accord and satisfaction and, therefore their performance satisfied all taxes, additions to

tax and interest owed for the years at issue.

Defendant contends that the agreement covers only "taxes" and "additions to taxes," and that those terms do not include interest. Therefore the defendant asserts that payment of the amount set out in the stipulated decision did not extinguish the plaintiffs' obligation to pay statutory interest. It is clear that if "taxes," as that word is used in the stipulation, includes interest, the plaintiffs are entitled to summary judgment on their third claim. Conversely, if "taxes" does not include interest, the defendant is entitled to summary judgment.

Congress has defined "tax" to include interest. Indeed the Internal Revenue Code provides that "[a]ny reference in this title ... to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." 26 U.S.C. § 6601(e)(1). Thus it appears that the position here taken by the IRS is contrary to the statutory definition.

Making its position more difficult to understand is the deposition testimony of William House and John A. Weeda, the defendant's agent charged with enforcing the agreement and the agreement's author respectively. Moreover, at his deposition, the agent charged with enforcing the stipulation, William House, testified:

"Q: So your definition of tax liability was tax, penalties, and interest?

A: That's correct."

(Deposition of House p. 51 lines 3–5).

Furthermore, John A. Weeda, an IRS attorney, testified by deposition that he had told taxpayers, including the plaintiffs, that interest is part of tax. (Deposition of Weeda p. 47).

The conclusion is inescapable and evidence is uncontroverted that the defendant's agents deemed the word "taxes" in the parties' agreement to include interest. Case law supports that conclusion and the result that payment pursuant to the stipulated decision discharged the plaintiffs' interest obligation. In *In re Mark Anthony Const., Inc.*, 886 F.2d 1101 (9th Cir.1989), relying on § 6601(e)(1), the Ninth Circuit concluded that interest on unpaid taxes is "part and parcel of the tax due under the Internal Revenue Code." *Id.* at 1108 (*quoting In re Associated Air Services, Inc.*, 75 B.R. 47, 48–49 (Bankr.S.D.Fla.1987)).

I conclude that the word "taxes," as used in the agreement, includes interest. Thus, in executing the agreement, the parties agreed that the plaintiffs would pay $15,-367.00 to fulfill their liability for taxes, additions to tax and interest for 1978, 1979 and 1980. I further conclude that, as to their third claim, the plaintiffs are entitled to summary judgment as a matter of law.

On their first and second claims, the plaintiffs have not presented any evidence of damages in excess of the amount they paid the defendant. Because I have already concluded that the plaintiffs are entitled to summary judgment on their third claim, they will be fully compensated by judgment on that claim and therefore their first and second claims must be dismissed as moot.

Accordingly IT IS ORDERED that:

(1) Defendant's motion for summary judgment is denied;

(2) As to the third claim, the plaintiffs' cross-motion for summary judgment is granted;

(3) The clerk shall enter judgment for the plaintiffs and against the defendant for $19,183.35, plus statutory interest;

(4) Defendant shall pay the plaintiffs' reasonable costs and attorneys' fees; and

(5) Plaintiffs' first and second claims are dismissed with prejudice as moot.