**In re Richard Wayne THOMPSON and Ruth Gentry Thompson, Debtors.**

**Bankruptcy No. 581–644.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 7, 1984.

Debra L. Stefanik, U.S. Dept. of Justice, Washington, D.C., Patrick McLoughlin, U.S. Atty., Cleveland, Ohio, for U.S.

John Guy, Akron, Ohio, for debtors.

## FINDING AS TO CLAIM ALLOWANCE

H.F. WHITE, Bankruptcy Judge.

The issue before the court is whether interest and penalties on an unpaid tax liability of a debtor in possession may qualify as a first priority administrative expense of the estate.

The Internal Revenue Service filed a request for payment of administrative expenses totalling $33,074.01. This total included a post-petition tax liability of $27,-200.00 plus accrued interest and penalties. The debtors, Richard and Ruth Thompson, did not object to the $27,200.00 in principal tax liability as an administrative expense. They do object, however, to the payment of the penalties and interest.

The debtors concede that section 503(b)(1)(C) of the Bankruptcy Code, 11 U.S.C. section 503(b)(1)(C), specifically provides that any penalty related to a tax which is an administrative expense is also an administrative expense. They seek to avoid this statute, however, by arguing that the penalty is not properly due and owing.

Section 6651 of the Internal Revenue Code, 26 U.S.C. section 6651, provides that the penalty for failure to pay a tax may be excused if "such failure is due to reasonable cause and not due to willful neglect". The taxpayer bears the burden of proving reasonable cause. *Funk v. Commissioner of Internal Revenue,* 687 F.2d 264 (8th Cir.1982); *Norton v. United States,* 551 F.2d 821, 213 Ct.Cl. 215 (1977) cert. denied 434 U.S. 831, 98 S.Ct. 115, 54 L.Ed.2d 91 (1977); *Breland v. United States,* 323 F.2d 492 (5th Cir.1963). The Treasury Regulations further specify that a taxpayer who wishes to avoid the penalty under section 6651 of the Internal Revenue code "must make an affirmative showing of all facts alleged as reasonable cause of his failure ... to pay such tax on time in the form of a written statement containing a declaration that it is made under penalties of perjury". The Regulations further provide that such statement must be filed with the District Director or the director of the service cen-

ter with whom the return is to be filed. Treas.Reg. section 301.6651–1(c)(1).

■ The court finds that the debtors have failed to show that there was reasonable cause for their failure to pay the tax. They have failed to supply the court with the statement required by the Treasury Regulations or any other evidence to establish reasonable cause. The asserted fact that the debtors' estate was complex and that the tax consequences of various transactions were uncertain fails to satisfy their burden of proof. Indeed the debtors admit that funds were available to pay the tax when their return was filed. Thus, since the debtors have not offered a sufficient excuse for their failure to timely pay the tax, this court must sustain the penalty. It follows that under section 503(b)(1)(C) of the Bankruptcy Code, the penalties are allowable as administrative expenses.

The Bankruptcy Code does not specifically mention the treatment of interest as an administrative expense. The government cites the case of *United States v. Friendship College, Inc.* (In re Friendship College, Inc.), 737 F.2d 430 (4th Cir.1984), for the proposition that interest on the unpaid tax liability should be considered an administrative expense. The debtors, in turn, cite *In re Boston and Maine Corp.*, 719 F.2d 493 (1st Cir.1983), to support their argument that interest should not be allowed. There are apparently no decisions from the Sixth Circuit on this issue.

This court will not follow *In re Boston and Maine Corp., supra*. That case involved a railroad reorganization under section 77 of the former Bankruptcy Act. In denying interest on the city of Cambridge's post-petition tax claim, the court emphasized the special nature of railroad reorganizations. In doing so the court implicitly recognized that, absent the special nature of a railroad reorganization, interest would be required. *Id.* at 498–502. Thus, assuming that *In re Boston and Maine Corp., supra*, was correctly decided, it is clearly distinguishable from the present issue before the court.

In *United States v. Friendship College, Inc., supra*, a case under the present Bankruptcy Code, the Fourth Circuit held "that the government is entitled as a first priority expense of the bankruptcy estate to full payment of the taxes claimed, the penalties for failure to pay them on time, and interest from the date that it accrued". *Id.* at 433. The court acknowledged that the Bankruptcy Code does not mandate such a result, but it did find support in the legislative history. See S.Rep. No. 95–989, 95th Cong., 2d Sess. 66 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Other courts have interpreted the legislative history differently and have denied interest on unpaid post-petition taxes. *In re H & C Enterprises*, 35 B.R. 352 (Bkrtcy. Idaho 1983); *In re Stack Steel & Supply Co.*, 28 B.R. 151, 10 BCD 232 (Bkrtcy.W.D.Wash.1983). With all due respect to its brethren, this court will decline to follow their path. This court finds that interest on unpaid post-petition taxes is an administrative expense entitled to first priority.

In reaching this conclusion, the court notes that the series of enumerated administrative expenses in section 503(b) of the Bankruptcy Code is non-exclusive. The last word in the lead-in sentence of section 503(b) is "including", which is not limiting. 11 U.S.C. section 102(3). *See, also,* 3 *Collier on Bankruptcy*, paragraph 503.03 at 503–13 (15th ed. 1984). Thus, nothing prevents this court from holding that the government's claim for interest is entitled to administrative expense priority.

In fact there are strong reasons in support of such a holding. First, it is consistent with the treatment of the taxes and penalties to which the interest relates. *United States v. Friendship College, Inc., supra*, 737 F.2d at 433. Second, to hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government. *In re Boston and Maine Corp., supra*, 719 F.2d at 502 (Campbell, C.J. concurring in part and dissenting in part). If the debtors choose to finance their reorganization effort with funds that

would otherwise be used to pay their taxes, then interest on the taxes may fairly be considered as an actual and necessary cost and expense of preserving the estate allowable as an administration expense under section 503(b)(1)(A). Indeed, section 364 of the Bankruptcy Code specifically recognizes that the cost of unsecured credit is allowable as an administrative expense under section 503(b)(1).

Finally, the court finds that *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), supports this court's finding that the government is entitled to interest as an administrative expense. *See also In re Boston and Maine Corp., supra,* 719 F.2d at 501–04 (Cambell, C.J. concurring in part and dissenting in part). As the Supreme Court stated in *Nicholas:* "Since the taxes in question were incurred during the Chapter XI arrangement proceeding itself, the United States was entitled to interest on those taxes for the duration of that period". *Nicholas v. United States supra,* 384 U.S. at 689, 86 S.Ct. at 1683. Although *Nicholas* was decided under the former Bankruptcy Act, there is nothing in the legislative history to indicate that Congress wished to abrogate *Nicholas* under the present Bankruptcy Code.

For the foregoing reasons, the court finds that the government's claim for interest on the unpaid taxes must be allowed as an administrative expense. It follows that the debtors' objection to the claim of the I.R.S. must be overruled in all respects. The government is entitled to both penalties and interest for the unpaid post-petition taxes and the claim of the I.R.S. should be paid in full.