**In re The PRECISE TOOL & DIE COMPANY, INC., Debtor and Debtor–In–Possession.**

**Bankruptcy No. B86–01516.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 9, 1988.

Emily M. Sweeney, Asst. U.S. Atty., Cleveland, Ohio, for U.S. I.R.S.

Michael A. Axel, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for debtor and debtor-in-possession.

MEMORANDUM OPINION

DAVID F. SNOW, Bankruptcy Judge.

In this case the Court is required to decide whether interest on post petition taxes is entitled to administrative expense priority under section 503 of the Bankruptcy Code. The Internal Revenue Service (the "IRS") asserted an administrative claim for federal unemployment taxes applicable to the period after the Debtor filed its petition for reorganization under Chapter 11, as well as for the interest and penalties on such taxes. Debtor concedes that the tax itself and the penalties are an administrative expense. No issue is raised as to the propriety of the interest under the Internal Revenue Code. Only its status as an administrative expense under section 503(b) is contested.

There are a number of bankruptcy court decisions on this question. The only appeals court which has ruled on the issue is the Fourth Circuit. It appears that the cases are about evenly split, a split which is mirrored in the Northern District of Ohio. In *In re Thompson*, 67 B.R. 1 (Bankr.N.D. Ohio 1984) Judge White held that interest on post-petition taxes was an administrative expense. In *In re Mansfield Tire & Rubber Co.*, 73 B.R. 735, 740 (Bankr.N.D. Ohio 1987) and *In re Lumara Foods of America, Inc.*, 50 B.R. 809, 810 (Bankr.N.

D.Ohio 1985) Judge Williams reached the opposite conclusion.

The answer to this question depends upon the interpretation of the following language from section 503(b) of the Bankruptcy Code:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including— ...
>
> (B) any tax— ...; and
>
> (C) any fine, penalty or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

Fines and penalties are mentioned, interest is not. This omission is the crux of the matter.

If notwithstanding this omission section 503(b) may be read to permit it, the sensible answer is to accord interest administrative expense status. First, there appears no rational justification for giving priority to penalties on taxes but not to interest. Second, interest contracted for on obligations incurred by the debtor during reorganization is accorded administrative expense status. *See In re American International Airways, Inc.*, 77 B.R. 490 (Bankr.E.D.Pa.1987); *In re Island Aviation, Inc.*, 35 B.R. 20 (Bankr.D.Haw.1983). There is no reason why interest prescribed by statute on unpaid taxes incurred during the reorganization process should be treated differently. Similar considerations were adduced by Judge White in *In re Thompson, supra*, to support the conclusion that such interest was an administrative expense:

> In fact there are strong reasons in support of such a holding. First, it is consistent with the treatment of the taxes and penalties to which the interest relates. *United States v. Friendship College, Inc., supra*, 737 F.2d [430] at 433. [(4th Cir.1984)] Second, to hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government. *In re Boston and Maine Corp., supra*, 719 F.2d [493] at 502 [(1st Cir.1983)] (Campbell, C.J. concurring in part and dissenting in

part). If the debtors choose to finance their reorganization effort with funds that would otherwise be used to pay their taxes, then interest on the taxes may fairly be considered as an actual and necessary cost and expense of preserving the estate allowable as an administration expense under section 503(b)(1)(A). Indeed, section 364 of the Bankruptcy Code specifically recognizes that the cost of unsecured credit is allowable as an administrative expense under section 503(b)(1).

*In re Thompson, supra*, at pp. 2–3.

For the most part the courts which have denied priority to such interest do not disagree with, or even address, these considerations. Rather, they view the omission of the word "interest" from section 503(b) as dispositive because the Senate version of section 503(b) expressly accorded interest on post petition taxes administrative expense status and the compromise version which was enacted did not. The importance of that omission is reflected in *Lumara Foods, supra:*

> It is instead, significant to note that the only reference to interest as an administrative expense is found in the Senate bill's version of section 503(b)(1)(B)(i). *Ante* at pp. 814–815. The express provision was later deleted during the compromise debates on the final bill which eventually became law. That a deletion, instead of a revision, occurred is no legislative oversight. It represents a "deliberate and significant" indication of the drafters' intent following the debates. [In re] *Stack Steel [& Supply Co.], supra*, [28 B.R. 151] at pg. 156. [(Bankr. Wash.1983)] Where there were two opposing views on post-petition interest, there evolved only one. Unmistakably, it was the House's exclusionary version of section 503(b)(1)(B)(i) which prevailed. The allowance of interest on post-petition taxes therefore would require the reinsertion of statutory language which was clearly left out beforehand. Such practice is more properly the role of the legislature than the court's. As a result, our inclination is to follow *Stack Steel,*

*supra* and declare that interest on post-petition taxes is not an administrative expense under section 503(b).

This is a powerful argument. But other courts have put a different spin on the legislative history and concluded that section 503(b) should not be read to effect a change in the prior law dealing with interest absent some explicit statement of that intent.

> Interest, on the other hand, is not mentioned by the *Code*, but we find no support anywhere for differentiation in the treatment of the tax and the interest thereon. Although the trustee argues that the absence of a provision like § 503(b)(1)(C) precludes first priority treatment for interest, we are unconvinced. To treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code. Instead, the only indication we have one way or the other suggests that interest should be first priority, *see* Report of the Senate Judiciary Committee, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), at 66, *reprinted in,* 1978 U.S.Code Cong. & Admin.News, 5787, where it was stated that interest on first priority taxes should also receive first priority treatment. We therefore opt for consistency. The Code does allow us to do this by treating the interest as a general administrative expense under § 503.

*United States v. Friendship College, Inc. (In re Friendship College, Inc.),* 737 F.2d 430, 432–33 (4th Cir.1984). The Fourth Circuit and other courts reaching the same result have stressed the fact that under pre-Code law interest on post petition taxes was entitled to administrative expense priority, *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), and that section 503(b) should not be interpreted to change pre-Code law without some express statement of this intent.

This rule of construction was employed by the Sixth Circuit in *In re Ron Pair Enterprises, Inc.,* 828 F.2d 367 (6th Cir. 1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 1218, 99 L.Ed.2d 420 (1988). That case involved a conflict among the cases as to whether the language of section 506(b), without other indication of legislative intent, required a change in pre-Code law. In holding that section 506(b) should be construed in accordance with pre-Code law the court followed the rule of statutory construction set out by the Supreme Court in *Midlantic National Bank v. New Jersey Department of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986), *reh'g denied,* 475 U.S. 1090, 106 S.Ct. 1482, 89 L.Ed.2d 736 (1986):

> The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes the intention specific. *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 266–67, 61 L.Ed.2d 521, 99 S.Ct. 2753 (1979). *The Court has followed this rule with particular care in constructing the scope of bankruptcy codifications.*

106 S.Ct. at 759–60 (emphasis added). This rule of construction appears to mandate that interest should be deemed an administrative expense, since the legislative history expresses no specific intent to change prior law. There are in fact some positive reasons to interpret section 503(b) to continue prior law and to interpret the word "tax" in section 503(b) to include interest.

Section 6601 of the Internal Revenue Code, 26 U.S.C. § 6601, provides generally that the word "tax" includes interest on the tax.

(e) *Applicable rules*—Except as otherwise provided in this title—

(1) *Interest treated as tax.*—Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. *Any reference in this title* (except subchapter B of chapter 63, relating to deficiency procedures) *to any tax* imposed by this title *shall be deemed also to refer to interest* imposed by this section *on such tax.*

(emphasis added) This definition suggests the possibility that congressional committees attuned to tax law and tax terminolo-

gy may have intended the word "tax" in section 503(b) to include interest as well. The plausibility of this suggestion is enhanced by the fact that in enacting the Bankruptcy Code Congress made certain complimentary amendments to the Internal Revenue Code. In particular, Section 6658 was enacted to relieve the debtor from certain penalties for failure to make timely payment of tax during the pendency of a bankruptcy proceeding. Therefore the use of Internal Revenue Code terminology in sections of the Bankruptcy Code dealing with taxes would appear natural.

Therefore, it does not appear to this Court that the language in section 503(b) need be read as a legislative mandate to deny administrative expense status to interest on taxes. Instead the Court views the legislative history at worst as neutral in the absence of a stated intent to change prior law, and on the authority of *In re Ron Pair Enterprises, Inc., supra,* and *Midlantic National Bank v. New Jersey Department of Environmental Protection, supra,* holds that section 503(b) should be interpreted consistent with *Nicholas v. United States, supra.* The Court therefore holds that the interest on the unemployment taxes at issue here can and should be accorded administrative expense priority. To accommodate this result the word "tax" in section 503(b) may be interpreted, as in section 6601 of the Internal Revenue Code, to include such interest. *See In re Associated Air Services, Inc.,* 75 B.R. 47 (Bankr.S.D.Fla.1987). Alternatively, such interest may be viewed as an ordinary and necessary expense under that section. *See In re Thompson, supra.*

Accordingly, the IRS claim for interest is allowed as an administrative expense.