### In re INJECTION MOLDING CORPORATION, Debtor.

**Bankruptcy No. 5–82–00300.**

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 20, 1989.

Sally A. Lied, Asst. U.S. Atty., Harrisburg, Pa., for U.S.

Robert L. Howard, New York City, for Injection Molding Corp.

Robert K. Coulter, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the court on objections by Injection Molding Corporation (hereinafter "debtor") to proofs of claim filed by the Internal Revenue Service (hereinafter "IRS") for both pre-petition and post-petition taxes. For the reasons provided herein, we find the debtor's objections are without merit and, therefore, denied.

The facts are as follows. On or about April 20, 1982, the debtor filed a petition under Chapter 11 of the United States Bankruptcy Code. Thereafter, on April 8, 1987, the Internal Revenue Service (hereinafter "IRS") filed an amended proof of claim for pre-petition unsecured priority taxes in the approximate amount of $26,-539.79. The IRS filed a further proof of claim for post-petition administrative taxes in the approximate amount of $148,539.79 on July 20, 1987. Included in these amounts are claims for penalties assessed pursuant to 26 U.S.C. § 6652(a)(2) and § 6656 and interest on both the principal and penalties. The debtor's objections raise a number of issues concerning not only the amount of the taxes owed, but the propriety of both the penalty and interest charges. Additionally, 100% penalty assessment payments were made to the IRS by Clifford C. Faye, President of the debtor, pursuant to 26 U.S.C. § 6672 relating to the debtor's tax delinquency. The debtor argues that the 100% penalty payments made by Mr. Faye should be credited to the debtor's tax liability.

Subsequent to the filing of the objections, the parties entered into two Stipulations filed with the court on August 26, 1988 and September 6, 1988, which settled most of the issues raised by the debtor's objections. The remaining issues for determination by this court are:

1. Whether the United States, through the IRS, is entitled to receive post-petition interest on post-petition taxes incurred during a Chapter 11 bankruptcy proceeding;

2. If so, what is the rate of interest which should be charged on the post-petition taxes?

■ The first issue is a topic of much controversy and as such is the subject of much case law. The courts are divided almost equally between those which allow post-petition interest on post-petition taxes as an administrative expense and those which deny claims for interest as priority administrative expenses. The controversy surrounds the language, or rather the lack of language, in 11 U.S.C. § 503(b) concerning whether or not interest is permitted as an administrative expense. Section 503 provides in pertinent part as follows:

§ 503. **Allowance of administrative expenses.**

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

The bankruptcy court in *In re American International Airways, Inc.,* 77 B.R. 490 (Bankr.E.D.Pa.1987) provides a review of the cases which deal with this issue and at page 494 writes as follows:

"... the following cases hold that interest is payable as administrative claims of taxing authorities: *United States v. Friendship College, Inc.,* 737 F.2d 430, 432–33 (4th Cir.1984); *In re Associated Air Services, Inc.,* 75 B.R. 47, 48–50

(Bankr.S.D.Fla.1987); *In re Patch Press, Inc.*, 71 B.R. 345, 348–50 (Bankr.W.D. Wis.1987); *In re General Polymerics Corp.*, 54 B.R. 523, 524–26 (Bankr.D. Conn.1985); *In re Pharmadyne Laboratories, Inc.*, 53 B.R. 517, 519–20 (Bankr. D.N.J.1985); *In re Thompson*, 67 B.R. 1, 2–3 (Bankr.N.D.Ohio 1984); and *In re Razorback Ready–Mix Concrete Co.*, 45 B.R. 917, 926 (Bankr.E.D.Ark.1984). The reasoning of these cases is based upon the Supreme court's decision in *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), which lumps consideration of 'penalties' and 'interest' together, and the belief that Congress, despite striking the Senate version of the Code which expressly would have authorized collection of interest, meant to implicitly retain such an allowance, whether as part and parcel of the tax itself or as an element of a 'fine, penalty, or reduction in credit' per § 503(b)(1)(C).

However, an approximately equal number of cases hold directly to the contrary: *In re Mansfield Tire & Rubber Co.*, 73 B.R. 735, 740 (Bankr.N.D.Ohio 1987); *In re Gould & Eberhardt Gear Machinery Corp.*, 69 B.R. 944, 946–49 (Bankr.D. Mass.1987); *In re Hirsch–Franklin Enterprises, Inc.*, 63 B.R. 864, 869–71 (Bankr.M.D.Ga.1986); *In re Lumara Foods of America, Inc.*, 50 B.R. 809, 810 (Bankr.N.D.Ohio 1985); *In re H & C. Enterprises*, 35 B.R. 352 (Bankr.D.Idaho 1983); and *In re Stack Steel & Supply Co.*, 28 B.R. 151, 155–56 (Bankr.W.D. Wash.1983). *Cf. In re Boston & Maine Corp.*, 719 F.2d 493, 498–502 (1st Cir. 1983) (interest denied where court allowed debtor to delay in making post-petition tax payments). These cases reason, principally, that by intentionally omitting mention of interest from 11 U.S. C. § 503(b)(1)(C), Congress meant to exclude the right of taxing authorities to its collection."

This court will adopt the reasoning of the courts which find that interest must be afforded the same priority as the debt itself. In this regard, we direct the parties attention to the case of *In re Patco Photo Corp.*, 82 B.R. 192 (Bankr.E.D.N.Y.1988).

The *Patco* court cites language from the Fourth Circuit case of *United States v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir.1984) concerning the lack of mention of interest in § 503(b) as follows:

"Interest ... is not mentioned by the Code, but we find no support anywhere for differentiation in the treatment of the tax and the interest thereon.... To treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code. Instead, the only indication we have one way or the other suggests that interest should be first priority...."

The *Patco* court continues at p. 195 as follows:

"Section 503(b) 'is derived mainly from section (64)(a)(1) of the Bankruptcy Act, with some changes.' S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 355 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5852, 6311. Section 64(a)(1) also omitted the interest in its provisions. Nevertheless, the Supreme Court held in *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), that interest incurred during the Chapter XI proceeding is afforded priority status under section 64(a)(1). The legislative history of section 503 does not show that Congress intended to overturn *Nicholas. In re Bergin Corp.*, 77 B.R. 210, 211–12 (Bkrtcy.E.D.Wis.1987)."

Additionally, the court writes the following concerning the practicality of giving administrative expense status to post-petition interest in Chapter 11 proceedings:

"To disallow interest as an administrative expense would be contrary to the desired public policy. The effect of such a holding would be to grant the debtors an interest-free loan at the expense of both the government and the judicial process. *Thompson*, 67 B.R. at 2. Debtors who fail to timely pay their taxes during their Chapter 11 cases should not be relieved from paying interest on their arrearages as required of all other taxpayers. In fact, the integrity of the

bankruptcy system demands that Chapter 11 debtors-in-possession pay their taxes on time. To treat the debtor otherwise would encourage debtors to delay paying their taxes and use the unpaid amounts to fund plans of reorganization. Allowing interest to accrue on post-petition taxes might encourage debtors to propose and confirm plans in a more expeditious manner. Therefore, the court finds that interest on post-petition tax arrearages should be given priority status."

This court also finds that interest on post-petition taxes arrearages should be given priority status. Consequently, the portion of the debtor's objections concerning the interest on the post-petition taxes are without merit and, therefore, dismissed.

■ The second issue deals with the rate of interest that should be charged on post-petition delinquent taxes. The debtor argues interest should be charged at the statutory rate of 6% and directs our attention to 18 Pa.C.S.A. § 4105(e)(2). The government, on the other hand, argues that the proper rate of interest is that provided for in the IRS Code at 26 U.S.C. § 6621. While the cases concerning the issue as to whether or not post-petition interest can be charged as an administrative expense are prolific, there is a dearth of cases concerning the applicable rate of interest. The *In re American International Airways, Inc.* case, *supra,* at p. 495 cites authorities that determined interest at the statutory rate and some that provided interest to be at the legal rate. These cases, however, do not concern taxing authorities and questions concerning interest rate charges on post-petition taxes. To this point the parties have looked to the Internal Revenue Code and its dictates concerning the kind and amount of taxes that can be imposed by the government through the IRS, the tax periods relevant to each tax and the penalties for failure to pay those taxes. The debtor has provided no convincing authority, nor has this court found convincing authority as to why we should look to sources other than the Internal Revenue Code to determine the rate of interest which should be charged. While the imposition of penalties can be statutorily excused, payment of interest on the underpayment of tax is required and the IRS Code provides no exceptions. See *In re Associated Air Services, Inc.*, 75 B.R. 47 (Bankr.S.D.Fla.1987) citing *Matter of Cabazon Indian Casino*, 57 B.R. 398 (9th Cir.BAP 1986) and 26 U.S.C. § 6601.

Consequently, based on the foregoing we find that the debtor's objections to the IRS' proofs of claim are without merit and, therefore, denied and the IRS' claim for post-petition interest accrued during the debtor's Chapter 11 reorganization is allowed at the rate of interest provided by 26 U.S.C. § 6601 and § 6621.

We note the debtor has made reference in Paragraph 15 of its objection that it has made over $300,000 in post-petition tax payments and portions of those payments have been applied to post-petition penalties and interest not shown on the post-petition claims. We note the present objections concern IRS proofs of claim filed to numbers 84 and 88. Consequently, this opinion and order address only claims 84 and 88.