**In re Hyman R. SWOLSKY d/b/a King Liquidators, King Odd Lots, Swolsky Enterprises, Debtor.**

**Bankruptcy No. 85–01138.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 8, 1989.

See also, Bkrtcy., 55 B.R. 144.

John J. Hunter, Toledo, Ohio, Trustee.

James D. Clarke, Lansing, Mich., for claimant.

OPINION AND ORDER ALLOWING ADMINISTRATIVE PRIORITY TO INTEREST ON POST–PETITION TAXES

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the trustee's objection to second amended proof of claim filed by the State of Michigan, Department of Treasury, Revenue Division, for $6,682.66 representing sales, withholding and single business tax deficiencies, penalties and interest. Upon consideration thereof, the court finds that the trustee's objection is not well taken and should be denied and that claimant is entitled to $198.16 representing interest on its claim as an administrative expense.

## FACTS

On July 24, 1985, an order for relief was entered on Debtor's chapter 11 petition. Debtor's case was, on February 18, 1987, converted to a case under chapter 7. On June 17, 1988, an amended administrative proof of claim was filed by the State of Michigan, Department of Treasury, Revenue Division (hereinafter "claimant"). Claimant seeks payment of $6,682.66 representing sales, withholding and single business tax deficiencies of $5,082.00, penalties of $1,402.50 and interest of $198.16. The tax periods covered by claimant's claim represent various periods from July 25, 1985 through February 18, 1987.

The trustee objects to claimant's claim "for the reason that the claim contains post-petition interest in the amount of $198.16." Objections to Claims at 1 (December 7, 1988). Claimant contends that interest on post-petition taxes is entitled to administrative expense priority. Michigan Department of Treasury's Response to the Objection to its Claim at 2 (December 16, 1988).

## DISCUSSION

The statute governing claimant's administrative expense claim provides in pertinent part:

> After notice and a hearing, there shall be allowed administrative expenses ... including—
>
> \*    \*    \*    \*    \*    \*
>
> (B) any tax—
> (i) incurred by the estate ...
>
> \*    \*    \*    \*    \*    \*
>
> (C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

11 U.S.C. § 503(b)(1)(B) and (C).

Interest on post-petition tax obligations has received varied treatment. Interest on such claims was afforded administrative expense status under the Bankruptcy Act. *See Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). Courts affording administrative expense priority to interest on post-petition tax obli-

gations reference this case and the legislative history of § 503(b) evidencing Congress' intent to extend this holding to the Bankruptcy Code. *See United States v. Friendship College, Inc.,* 737 F.2d 430 (4th Cir.1984) (to treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code; instead, the only indication we have one way or the other suggests that interest should be first priority) (citations omitted); *In Re Gould & Eberhardt Gear Machinery Corp.,* 80 B.R. 614, 18 C.B.C.2d 828 (D.Mass.1987) (in the absence of clearer indications that Congress desired to change the reasoning of *Nicholas,* I believe that the Supreme Court's approval of the accrual of interest on post-petition tax obligations in chapter 11 proceedings still governs); *Matter of Patch Press Inc.,* 71 B.R. 345 (Bkrtcy.W.D. Wis.1987) (legislative history indicates that the only major change contemplated by the House in the area of administrative priority was the elimination of the priority for the referee's salary; the representatives shared the concern of the *Nicholas* court that creditors should be assured of payment, otherwise, they would not extend administrative expenses to the Debtor); *In Re Thompson,* 67 B.R. 1 (Bkrtcy.N.D.Ohio 1984) (the legislative history does not evidence congressional intent to abrogate *Nicholas* under the Bankruptcy Code); *Matter of Pharmadyne Laboratories, Inc.,* 53 B.R. 517 (Bkrtcy.D.N.J.1985) (interest is considered an integral part of a continuing debt); *In Re Razorback Ready–Mix Concrete Co.,* 45 B.R. 917 (Bkrtcy.E.D.Ark. 1984).

Another rationale followed by courts in affording administrative expense priority to interest on post-petition tax obligations evidences concern for the government's extension of interest free loans. *Patch Press, Inc.,* 71 B.R. at 350 (taxing authorities should not be forced to extend interest free loans to Debtor) (citing *Thompson, supra* ); *In Re Associated Air Services, Inc.,* 75 B.R. 47 (Bkrtcy.S.D.Fla.1987) (the failure to include interest on administrative expenses would conflict with congressional

policy of full satisfaction of administrative expenses before payment of lower priority claims, effectively forcing the creditor to make an interest free loan to the estate); *Thompson,* 67 B.R. at 2 (to disallow interest would be to grant Debtors an interest free loan at the expense of the government).

Alternatively, some courts disallow administrative expense priority to interest on post-petition tax claims stating that § 503(b) does not specifically provide for its allowance. *Matter of Mansfield & Tire Rubber Co., Inc.,* 73 B.R. 735 (Bkrtcy.N.D. Ohio 1987); *In Re Mark Anthony Const., Inc.,* 78 B.R. 260, 17 C.B.C.2d 773 (9th Cir. BAP 1987) (the Code does not expressly provide for interest on post-petition taxes to be treated as an administrative expense). These courts also refer to the legislative history of § 503. That is, these courts indicate that although the Senate's initial version of the Code would have allowed interest on post-petition taxes as a cost of administration under § 503, the House refused to accede to this Senate proposal and it was not included in the final enactment of the Code. *Mark Anthony Const., Inc., supra. See also Matter of Lumara Foods of America, Inc.,* 50 B.R. 809, 13 B.C.D. 409 (Bkrtcy.N.D.Ohio 1985) (the deletion of interest from the Senate's version of § 503(b)(1)(B)(i) in the final enactment represents Congress' deliberate and significant intent to disallow interest on post-petition taxes as an administrative expense); *In Re Stack Steel & Supply Co.,* 28 B.R. 151, 10 B.C.D. 232 (Bkrtcy.W.D.Wash.1983) (in denying interest on taxes assessed post-petition, the court stated that the omission of interest from the language of § 503(b)(1)(B) was not surplusage but represents a significant and deliberate intention).

These alternative holdings are evidenced within this district. In *Thompson, supra,* Judge H.F. White allowed interest on post-petition tax claims; in *Mansfield & Tire Rubber Co., supra,* Judge James H. Williams disallowed interest on post-petition tax claims. This split of authority was recognized by Judge David F. Snow in his recent opinion in *In Re The Precise Tool &*

*Die Company Inc.,* 93 B.R. 586 (Bkrtcy.N. D.Ohio 1988). In that opinion, Judge Snow discussed several reasons for affording interest on post-petition taxes administrative expense priority under § 503. Judge Snow stated that:

> First, there appears no rational justification for giving priority to penalties on taxes but not to interest. Second, interest contracted for on obligations incurred by the debtor during reorganization is accorded administrative priority.

93 B.R. at 587–88. Judge Snow also stated that the legislative history of § 503(b) should not be interpreted to effect a change in the pre-Bankruptcy Code law. *Id.* at 588–89. Finally, Judge Snow indicated that "tax" as defined by 26 U.S.C. § 6601 includes interest thereon. *Id.* at 588.

This court is persuaded by Judge Snow's analysis. Like *Precise Tool & Die,* the parties to the instant action do not dispute the propriety of the tax deficiencies or penalties requested by claimant. The only issue concerns the payment of interest on this claim. Although this court notes that an opposite holding has been reached within this district, it finds Judge Snow's reasoning to be sound and, accordingly, will afford administrative expense priority to interest on Debtor's post-petition tax deficiency. In light of the foregoing, it is therefore

ORDERED that the second amended proof of claim filed by the State of Michigan, Department of the Treasury for post-petition interest in the amount of $198.16 be, and it hereby is, allowed as an administrative expense priority.