**In re NUNZIO'S PIZZA, INC., Fed. ID # 85–0254725, Debtor.**

**Bankruptcy No. 7–92–13798 RA.**

United States Bankruptcy Court, D. New Mexico.

March 20, 1996.

---

Donald F. Harris, Special Assistant Attorney General, NM Taxation & Revenue Department, Santa Fe, NM.

William M. Casey, Albuquerque, NM, for Public Service Company of NM and Gas Company of NM.

Ron Andazola, Assistant U.S. Trustee, Albuquerque, NM.

## MEMORANDUM OPINION

STEWART ROSE, Chief Judge.

This matter came on for preliminary hearing on February 12, 1996, on the Trustee's final account and report filed January 12, 1996. The New Mexico Department of Taxation and Revenue objected to the report, alleging that it had filed an administrative claim on July 19, 1994, and an amended administrative claim on August 30, 1995, in the amount of $145,976.44 which were not included in the Trustee's proposed distribution. The Department further alleged that "Both claims appear understated as the interest has not [been] updated, and they do not include estimates for post-petition, non-filed periods." Although the first claim does not appear in the file, the second does.

This case was commenced as a Chapter 11 reorganization on October 26, 1992. On September 19, 1994, it was converted to a Chapter 7 liquidation. The estate is administratively insolvent, that is, there are insufficient funds to pay the Chapter 7 administrative claims and the Chapter 11 administrative claims. In accordance with 11 U.S.C. 726(b), the Chapter 7 administrative claims are to be paid in full, and the Chapter 11 administrative claims, pro-rata.

All of the Chapter 7 administrative claims were previously allowed by the court after notice and hearing. The Chapter 11 administrative claims consist of administrative rent, utilities and taxes. The rent claim of Goodwill Industries was allowed after notice and hearing. The utility claims of Gas Company of New Mexico and Public Service Company were compromised at the hearing on their allowance, although no order has been entered. The amended administrative tax claim of the New Mexico Department of Labor, filed August 2, 1995, in the amount of $10,955.40 has not yet been allowed by the court. The amended "Request for Payment" of the Internal Revenue Service, filed August 4, 1995, in the amount of $196,856.39 has not yet been allowed by the court.

The Trustee's report proposes to pay, pro-rata, all of these administrative claims, except the administrative claim of the New Mexico Department of Taxation and Revenue. For this reason the Department objects.

The Trustee candidly admits that if he had received a copy of the Department's claim, he

would have included it in his proposed distribution.

The clear language of 11 U.S.C. 726(a) requires administrative claimants to file proofs of claim: "... property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section;"

 A "Request for Payment," such as that filed by the Internal Revenue Service, constitutes an informal proof of claim, and is therefore sufficient as a proof of claim. *In re Mansfield Tire & Rubber Co., Inc.*, 73 B.R. 735 (Bankr.N.D.Ohio, 1987).

Claims of creditors filed pursuant to 11 U.S.C. 501 are allowed, unless objected to, 11 U.S.C. 502. However, administrative claimants are not creditors, 11 U.S.C. 101(10), and the allowance of administrative claims is governed by 11 U.S.C. 503, which provides:

"(a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

(b) After notice and a hearing, there shall be allowed administrative expenses ..."

Administrative claimants must therefore obtain the allowance of their claims. They are allowed if not objected to, as in the case of creditor claims. *In re Glen Eden Hospital, Inc.*, 172 B.R. 538 (Bankr.E.D.Michigan, 1994).

In fairness to the administrative claimants, the trustee should not pay some of the not yet allowed claimants, but omit others. Thus, the court should not approve the report which proposes to pay the Internal Revenue Service and the New Mexico Department of Labor, but which does not propose to pay the New Mexico Department of Taxation and Revenue. The Trustee may perhaps wish to consider seeking a bar date for the allowance of administrative claims. The Trustee may then justifiably propose to pay only allowed administrative claims.

Turning to the objection of the New Mexico Department of Taxation and Revenue with respect to unfiled returns and uncomputed interest, it is apparent that the Department must file an administrative proof of claim in the full amount which it seeks. The Trustee is not required to seek out administrative claimants and the amounts of their claims. It is the obligation of the claimants to file proofs of claim and to secure their allowance.

A final hearing on the Trustee's report shall be held and notice thereof may be limited to administrative claimants. At the request of any party, and with notice to all administrative claimants, the court will consider the allowance of claims not yet allowed. The Trustee shall not be required to formally amend his report, but may adjust the proposed distribution at the time of the hearing.

The foregoing constitutes the court's findings of fact and conclusions of law. No order shall be entered until the final hearing on the Trustee's report.