In re MALL FOOD SERVICES CORP., Debtor.

Bankruptcy No. 85–00898–BKC–JJB.
Claim No. 54.

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 9, 1987.

Curtis L. Mann, Clayton, Mo., for debtor.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo., Robert D. Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the objection of the Reorganized Debtor to the Amended Proof of Claim filed on behalf of the Internal Revenue Service (IRS). In a previous order entered on July 11, 1986, this Court had allowed the IRS Claim in part as an administrative expense priority for FICA taxes for the Second, Third and Fourth Quarters of 1985 and for the First Quarter of 1986. In addition, the Court ordered that post-petition interest and penalties would be allowed only through the date of confirmation of the plan of reorganization. The IRS was granted leave to further amend their proof of claim and provide authority for its argument that penalties and interest should be allowed through the date of payment of the tax.

The parties appeared at a hearing on August 26, 1986 and presented oral arguments upon two issues: (1) Whether the IRS claim is entitled to interest and penalties as an administrative expense priority until the tax is paid; and (2) Whether the Reorganized Debtor should be allowed full credit against its FUTA liability on the IRS claim for similar payments to State taxing authorities. After presentation of testimony and evidence, the parties submitted the matter to the Court. The IRS was granted leave to recompute the FUTA liability for only the last three quarters of 1985, which represent that portion of the tax liability which had not been included in the allowed claim as set forth in the Debtor's schedules. (See, 11 U.S.C. § 1111(a)). The recomputations have now been filed. This Memorandum is entered after a consideration of the record as a whole.

## INTEREST AND PENALTIES

The Reorganized Debtor has argued that interest and penalties are an administrative expense item only through the date of confirmation of the plan of reorganization. The IRS contends that penalties and interest are to be assessed as an administrative expense through the date of payment of the post-petition taxes of the Bankruptcy estate.

■ Neither party has supported its position with definitive case law. The Court's own research has failed to locate a reported opinion which directly addresses the issues presented here. Therefore, after a review of the legislative history of 11 U.S.C. § 503, and of similar cases which have dealt with tax priorities, the Court has concluded that interest and penalties on a tax debt are an integral part of the continuing tax liability. Therefore, to the extent that the total debt is allowed as an administrative priority in a Chapter 11 Reorganization case, the grant of priority should extend through the date of payment of the total debt.

This conclusion is a logical extension of the opinion of the Fourth Circuit Court of Appeals in *United States. v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir., 1984), wherein it was determined that "the government is entitled as a first priority expense of the bankruptcy estate to *full payment* of the taxes claimed, the penalties for failure to pay them on time, and interest from the date that it accrued." *Id.* at 433. (Emphasis added).

Similarly, in *In re Thompson*, 85–1, U.S.Tax Cases, ¶ 9243, 67 B.R. 1 (Bkrtcy.N. D.Ohio, 1984), the debtor's objection to the proof of claim of the IRS was overruled and the claim was allowed to include "interest and penalties to the date of payment" as first priority administrative expenses. *Id.* at ¶ 9244, 67 B.R. 1.

The language of Section 503 grants the priority status to "any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph". 11 U.S.C. § 503(b)(1)(C). Nothing in the language of this Section limits the assessment period to the time before confirmation of a plan. The logical interpretation of this language is that such a claim may be allowed as an administra-

tive priority calculated through the date of payment.

The same conclusion is appropriate in the consideration of interest due on such a tax. To hold otherwise would be to allow an interest free loan to a debtor. See, *In re Thompson, supra.* Clearly Congress intended to grant an administrative priority to these claims for taxes. This Memorandum finds and concludes that this claim for taxes includes the Debtor's liability for interest and penalties on the post-petition, pre-confirmation taxes, through the date of payment of these claims.

## FUTA

The second issue before this Court concerns the extent of the credit which should be granted to the Reorganized Debtor on its Federal Unemployment Tax Act (FUTA) obligation as the result of payments it made or will make to various States for unemployment taxes.

The Debtor contends that it should not be limited to a ninety (90%) percent credit for those taxes paid to the States. This limitation results in a ten (10%) penalty of the original amount due. The Debtor has requested that the Court enter a blanket order holding that such a limitation is improper. However, no authority has been presented in support of this contention.

The ninety (90%) percent credit for this tax is specifically provided for at 26 U.S.C. § 3302(a)(3). There is no legal or equitable basis upon which this Debtor may be treated differently from other taxpayers. Absent a grant of authority under the Bankruptcy Code, the Debtor's request to require a full credit for the payment of State taxes is DENIED.

A separate order consistent with this Memorandum is being simultaneously entered.