**In re Ronald Gary MESERY, Debtor.**

**No. 89–00591–BA.**

United States Bankruptcy Court,
D. Wyoming.

Jan. 14, 1992.

Joe Scott, Sr. Asst. Atty. Gen., Wyoming Dept. of Employment, Casper, Wyo., for movant.

Sue Davidson, Cheyenne, Wyo., for respondent.

DECISION

HAROLD L. MAI, Bankruptcy Judge.

THIS MATTER came before the court for hearing on August 6, 1991, on the State of Wyoming's Department of Employment Insurance's Request for Payment of Taxes and Interest as an Administrative Expense.

The court having considered the Application, the memorandum, the trustee's Statement of Non–Opposition, being fully advised and, upon its own review of the applicable statutes and authorities, does hereby render its Decision as follows:

The debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 1, 1989. Thereafter, as debtor in possession, he continued to operate his business, accruing unemployment tax for the third and fourth quarters of 1989. The case was converted to a case under Chapter 7 of the Bankruptcy Code on January 3, 1990.

The Division of Employment timely filed a Proof of Claim for taxes as follows:

Tax — Third quarter 1989    $1,968.07
     Fourth quarter 1989    $2,293.19
Interest—through August 16, 1991    $1,710.48

The Unemployment Division's position is that the entire tax debt, including the interest that continues to accrue, is entitled to payment as an administrative priority debt of this estate.

It is undisputed that the unemployment taxes incurred by the debtor in possession during the Chapter 11 case are allowable as administrative priority taxes pursuant to section 503(b).

■ Similarly, the interest that accrued on those taxes during the Chapter 11 proceeding is also entitled to allowance and payment as an administrative priority claim of the Chapter 11 case pursuant to § 503. *In re Mark Anthony Construction, Inc.,* 886 F.2d 1101 (9th Cir.1989).

■ However, once the case was converted to a case under Chapter 7, any interest that accrued after the conversion is not entitled to allowance as an administrative priority of either the Chapter 11 or the Chapter 7 case. *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966).

Although *Nicholas* was decided under the former Bankruptcy Act, it followed long-standing principles of bankruptcy law and retains its vitality under the present Bankruptcy Code. *Mark Anthony Construction,* 886 F.2d at 1107.

In *Nicholas,* a corporation filed a petition for an arrangement, or restructuring, of its debts under Chapter XI of the former Bankruptcy Act. Chapter XI was the predecessor of the present Chapter 11 of the Bankruptcy Code.

This corporation was unable to proceed with a plan of arrangement and subsequently filed a petition in bankruptcy for straight liquidation under the Bankruptcy Act about six (6) weeks later. Such liquidating, or straight, bankruptcy was the predecessor of the present Chapter 7 liquidation process under the Bankruptcy Code.

A trustee was appointed in the liquidating bankruptcy.

During the brief time it had operated under the provisions of Chapter XI, the corporation withheld federal income taxes and social security taxes from the wages of its employees and collected federal excise taxes. The liquidating trustee then failed to pay over to the IRS, the federal income taxes withheld, the social security taxes and the excise taxes which were due to be paid after the liquidating bankruptcy was commenced.

The IRS filed a proof of claim claiming the principal of the taxes due, the penalties assessed, and the interest that had accumulated and would continue to accumulate on the taxes until paid, all as an administrative expense in the liquidating case.

Upon appeal of the bankruptcy referee's disallowance of a portion of the claim, the United States Supreme Court restated the "well-settled principle of American bankruptcy law that in cases of ordinary bankruptcy, the accumulation of interest on claims against a bankrupt estate is suspended as of the date the petition in bankruptcy is filed." *Id.,* 384 U.S. at 682, 86 S.Ct. at 1678.

The Court then noted several exceptions [1] to this rule. One of these exceptions is where the debtor in possession under Chapter XI continued to operate the business and incurred the tax debt "as part of a judicial process of rehabilitation of the debtor that the procedures of Chapter XI are designed to facilitate." *Id.* at 684–5, 86 S.Ct. at 1680. In such a case, interest on a current Chapter XI tax debt could equitably accumulate during the reorganization phase [Chapter XI] in which it was incurred. *Id.* However, once the Chapter XI arrangement period was superseded by a new liquidating bankruptcy period, the continued accumulation of interest on the debt incurred in the Chapter XI proceeding

1. Another exception is where the debt is oversecured. See *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (§ 506(b) entitles creditor to receive post-petition interest on non-consensual oversecured tax debt). The debt at issue herein is not secured.

was no longer equitable under the general principles of American bankruptcy law.

* * * the circumstances of the present case commend a division into three periods—the pre-arrangement period, the arrangement period, and the liquidating bankruptcy period. A tax incurred within any one of these three periods would we think, be entitled to bear interest against the bankrupt estate until, but not beyond, the close of the period in which it was incurred. Thus, in a case concerning taxes incurred during the first period—that is, before the filing of a petition for a Chapter XI arrangement—the Court has summarily affirmed a judgment holding that the accumulation of interest must be suspended as of the date the Chapter XI petition was filed. Where, as in the present case, the taxes have been incurred in the Chapter XI proceeding itself, application of the principle enunciated in *Sexton* [*v. Dreyfus*, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244] and [*City of New York v.*] *Saper* [336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710] permits interest to accrue throughout the arrangement proceeding; the principle requires only that the accumulation of interest be suspended once a petition in [liquidating] bankruptcy is filed.

*Id.* at 686, 86 S.Ct. at 1681 (footnotes omitted).

As support for its position in *Nicholas*, the Supreme Court noted that, under the Bankruptcy Act, the administrative expenses of a superseded arrangement under Chapter XI were subordinated to the expenses of the successor liquidation bankruptcy case. *Id.* at 688, 86 S.Ct. at 1682. That rationale is equally applicable to cases under the Bankruptcy Code, where the subordination of administrative expenses of a predecessor reorganization case to those of a successor liquidation case remains the rule. 11 U.S.C. § 726(b).

Similarly, the *Nicholas* Court's belief that such a rule promotes both effective administration and conservation of the assets of the successor liquidating bankruptcy case, applies equally to cases under the Bankruptcy Code. *Id.* at 688-9, 86 S.Ct. at 1682-83.

The rule announced in *Nicholas* does not affect any personal liability of an individual debtor for the full interest to the extent that the tax debt is non-dischargeable. See *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). Instead, it simply means that payment from this estate as an administrative expense of the superseded Chapter 11 case is limited to the interest that accrued during that Chapter 11 case.

The case relied upon by the movant, *In re Mall Food Services Corp.*, 75 B.R. 639 (Bankr.E.D.Mo.1987), involves a *reorganized* debtor's liability for interest on a tax debt incurred during its Chapter 11 case. The court held that to allow such a reorganized debtor to avoid post-confirmation interest on the tax debt would be to unjustly allow the reorganization debtor an interest free loan while it continued its operations. *Id.* at 641. However, *Mall Food Services* must be distinguished because, in that case, the reorganized debtor was paying the tax debt under a confirmed Chapter 11 plan of reorganization, and not as part of superceding Chapter 7 liquidation. Therefore, *Mall Food Services* is not applicable to the present case.

The rationale for holding a Chapter 11 reorganized debtor liable for interest on taxes incurred during its period of court supervised reorganization, is not applicable to the very different situation of a superseding Chapter 7 administration. In the latter case, the rule announced in *Nicholas* applies for the reasons stated therein.

Therefore, in the present case, interest is allowable on the tax debt incurred in the Chapter 11 proceeding, but such interest ceased to accrue as an administrative expense when the case was converted to a case under Chapter 7.

The court will enter an order allowing the application for an administrative expense for the principal amount of the taxes and for the interest thereon up to the date of conversion. The applicant will be directed to file an amended Proof of Claim stat-

ing the interest accruing on the tax debt up through January 2, 1990.